# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. 14-323-13 |
| : | |
| ALONZO JONES : | |

McHugh, J.  April 21, 2021

## MEMORANDUM

Defendant Alonzo Jones has moved for compassionate release due to the COVID-19 pandemic. For the following reasons, his motion will be denied.

### I. Factual Background

Mr. Jones was indicted in 2014 for his involvement in a large-scale drug trafficking organization. In November 2015, Mr. Jones pleaded guilty to various drug trafficking charges. *See* ECF 619. His Offense Level was 34 and Criminal History Category was VI, yielding a Guideline range of 262 months to 327 months. Defendant and the Government negotiated a proposed sentence of 150 months' imprisonment, and on February 11, 2016, I accepted the parties' agreement and sentenced Mr. Jones to such a term of imprisonment followed by six years' supervised release. *See* Judgment, ECF 702, 725.

### II. Compassionate Release

Under the First Step Act, courts may "reduce the term of imprisonment" and "may impose a term of probation or supervised release with or without conditions" upon consideration of factors in 18 U.S.C. § 3553(a) and a finding that "extraordinary and compelling reasons" warrant reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

Mr. Jones argues that the coronavirus pandemic presents an extraordinary and compelling reason for compassionate release because he has multiple medical factors putting him at a higher risk of severe illness or death if he contracts the disease. *See* ECF 1239. In particular, Mr. Jones asserts that he is obese, has hypertension, and has breathing issues due to gunshot wounds in his chest. *Id.* I ordered the Government to supply Mr. Jones' updated medical records. *See* Exhibit A, ECF 1282. The records confirm that Mr. Jones has hypertension, but it is not serious enough to require medication. *Id.* at 5. The records do not show any recent examination reflecting Mr. Jones' weight. The last entry in the medical chart, from November 2018, records his weight as 215 pounds. *See* Exhibit A at 49, ECF 1290. His recently filed motion recites that same weight. *See* Motion at 6. With his medical chart also listing his height as six feet, the Government is correct that his Body Mass Index would be 29.2. *See* Gov. Resp. at 4. This would render Mr. Jones overweight but not obese, and if obese he would be at the extreme low end of the scale.[1] Nothing in the record reflects that Mr. Jones ever reported difficulty breathing due to old wounds or sought treatment for breathing difficulties, or pulmonary issues of any kind. He is 31 years of age and taking no medication. At most, therefore, Mr. Jones might have a marginally elevated risk for severe symptoms from the COVID-19 virus.

Significantly, however, the records show that although Mr. Jones rejected the COVID-19 vaccine the first time it was offered in late January, he received the first dose of the Pfizer COVID-19 vaccine on March 30, 2021. Exhibit A at 39. The vaccine has been shown to be highly effective, and dramatically reduces COVID-related risks. Given his minimal risk factors and his access to the vaccine, Mr. Jones has not met his burden to show an extraordinary and compelling reason for

---

[1] It should be noted, however, that the Centers for Disease Control recently updated its guidance to provide that that any BMI over 25 "can make you more likely" to suffer severe disease. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

2

early release. *See, e.g.*, *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) (collecting cases). As the Government itself acknowledges, the scientific consensus surrounding vaccines can change. *See* Gov. Resp. at 20. But as of now, the available data confirms the extreme effectiveness of the vaccines.

Finally, courts must consider the factors under 18 U.S.C. § 3553(a) in deciding whether to grant motions for early release, and these factors do not support release in this case. As mentioned above, Mr. Jones was sentenced to 150 months' imprisonment. According to the Government's calculation, he has served approximately 75 months when including credit earned for good conduct, or about half of his total sentence. *See* Gov. Resp. at 3. Mr. Jones negotiated this sentence with the Government against the background of a far higher Guideline range. I accepted it after consideration of the relevant factors under § 3553(a). *See* Tr. Sent. Hearing, ECF 765. His release at this point in his sentence when he is at minimal risk from COVID would be inconsistent with my assessment of the controlling factors.

### III. Motion to Reduce Sentence under the First Step Act

Mr. Jones further argues that his sentence should be reduced by fifteen months under the First Step Act due to previous time spent in state custody. *See* ECF 1239. The Government argues that Mr. Jones must first address this issue administratively with the BOP and then file a habeas complaint if necessary. *See* ECF 1281. I have taken that matter under consideration and will issue a separate order in the near future.

    /s/ Gerald Austin McHugh
United States District Judge