IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.    : | CRIMINAL ACTION NO. 14-323-13 |
| : | |
| ALONZO JONES   : | |

McHugh, J.                                                                                                         April 22, 2021

**<u>MEMORANDUM</u>**

Mr. Jones filed a Motion for Compassionate Release, seeking release based on the coronavirus pandemic and a reduction in his sentence due to certain alleged errors with credit for time served. ECF 1239. I previously denied the portions of Mr. Jones' motion related to the coronavirus pandemic. *See* ECF 1302, 1303. I reserved decision on Mr. Jones' motion to the extent he raised issues of concerning calculation of his sentence by the Bureau of Prisons (BOP). *Id.* Having now considered those issues, I deny relief as to the remaining issues for the reasons below.

**I.      First Step Act Time Credit**

Under the First Step Act, defendants who complete "evidence-based recidivism reduction programming or productive activities" shall earn credit toward their time served in prison. *See* 18 U.S.C. 3632(d)(4). Mr. Jones argues that the BOP has failed to credit him the time he is due for his participation in these activities. *See* Motion at 11, ECF 1239. Mr. Jones is correct that, if necessary, courts may remedy the BOP's failure to award time credit. *See Goodman v. Ortiz*, 20-7582, 2020 WL 5015613 (D.N.J. Aug. 25, 2020).

Although the First Step Act potentially applies, the proper way for Mr. Jones to raise this issue with the Court is not through a motion for compassionate release, but through a habeas petition. *Id.* Mr. Jones must therefore first administratively exhaust this dispute with the BOP; he

then can file a habeas petition if needed in the district of his confinement (currently the Western District of Pennsylvania).

## II.     Credit for time spent in state custody

Mr. Jones argues that the BOP has failed to credit him with fifteen months of time he spent in state custody prior to his sentencing.  *See* ECF 1239.  The Government argues that Mr. Jones must first administratively exhaust this issue, and then bring a habeas petition if needed.  *See* Gov. Resp. in Opposition at 28, ECF 1281.

In fact, Mr. Jones has already raised this exact issue in a § 2255 petition.  *See* ECF 883.  In that petition, Mr. Jones argued that he received ineffective assistance of counsel because his attorney "assured petitioner that any and all time spent in federal custody would be credited toward his federal sentence."  *Id.*  I denied Mr. Jones' petition based on an *in camera* review of defense counsel's pre-plea communications with his client regarding the custody-time in question.  *See* ECF 929.  In that regard, it bears emphasis that Mr. Jones faced a Guideline range of 262 to 327 months but received a sentence of 150 months negotiated by counsel.  Mr. Jones is therefore cautioned that raising the same issue through a subsequent habeas petition would be futile, as he does not allege any changed facts or circumstances.

Accordingly, the remainder of Mr. Jones' motion is denied.  An appropriate order follows.

                                /s/ Gerald Austin McHugh
                                United States District Judge